UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TASTY BURGER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.<br>24-11213-BEM |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**MURPHY, J.**

Plaintiff Tasty Burger Corporation ("Tasty Burger") alleges that Defendant Endurance American Specialty Insurance Company ("Endurance") failed to defend and indemnify one of its insured, C-MAC Services ("C-MAC"), after C-MAC's negligence allegedly caused a fire at one of Tasty Burger's restaurants. *See* Dkt. 9-3. Endurance now moves for summary judgment, arguing that the relevant damage did not occur during the policy period and so was not covered by C-MAC's policy. *See* Dkt. 31. For the reasons herein, the Court will grant Endurance's motion.

**I.     Background**

**A.     Factual Background**

The basic facts are not in dispute. A fire occurred on May 4, 2018, at a Tasty Burger restaurant. Dkt. 40 (Plaintiff's Response to Defendant's Statement of Material Facts, or "PSOF") ¶ 10.[1] Tasty Burger sued, among others, its former facilities contractor, C-MAC, alleging that

---

[1] Unless otherwise noted, citation to the PSOF refers to the facts as admitted or substantially agreed upon by the parties.

C-MAC's negligence caused the fire.[2]  *Id.* ¶ 15.  In that underlying lawsuit, Tasty Burger made the following specific allegations against C-MAC:

> 15.     Defendant[] . . . C-MAC Services . . . [was] hired by Tasty Burger Corporation to maintain and clean the take-out restaurant and all its equipment.  Defendant[] failed to properly remove the grease from the duct work and the pollution control unit, and the accumulated grease fueled the fire.
>
> 16.     Defendant[] [C-MAC Services] . . . failed to . . . maintain and clean the cooking equipment and take-out restaurant.
>
> . . .
>
> 18.     Defendant[] [C-MAC Services's] poor performance caused the fire on May 4, 2018.
>
> 19.     Defendant[] [C-MAC Services's] poor performance caused plaintiff Tasty Burger substantial economic damages, including but not limited to loss of its equipment, improvements and contents, business interruption and the loss of its ability to do business in that location.

Dkt. 35-2.[3]

Tasty Burger and C-MAC settled the underlying lawsuit.  PSOF ¶ 16.  As part of the settlement, C-MAC assigned to Tasty Burger its rights under an insurance policy issued by Endurance (the "Endurance Policy" or "Policy").  *Id.*

The parties are not aligned as to whether Endurance was ever actually notified of the underlying lawsuit prior to its settlement.[4]  *Id.* ¶¶ 19–20.  Nevertheless, it is undisputed that

---

[2] The lawsuit was brought by Strathmore Insurance Company as subrogee of Tasty Burger.  *See* PSOF ¶ 13.  For ease of reading, the Court refers to Tasty Burger as the plaintiff in that underlying lawsuit.

[3] The Court cites to the underlying lawsuit's more detailed Amended Complaint.  *Cf.* Dkt. 35-1.

[4] More accurately, Tasty Burger "[n]either admit[s] nor denie[s]" that Endurance was never notified, claiming to be "without knowledge" of the fact.  PSOF ¶¶ 19–20.  *But see* Dkt. 29 ¶ 8 (alleging that C-MAC notified Endurance's adjuster on January 12, 2021).  At summary judgment, this is insufficient.  *See* Local Rule 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."); *Silva v. Town of Uxbridge*, 771 F. Supp. 3d 56, 65 (D. Mass. 2025) ("The nonmovant 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986))).  That Endurance was never notified of the underlying litigation is thus admitted.  Given that the "duty to defend does not arise until the insurer receives notice of the suit against the insured," summary judgment could rest on that basis alone.  *See Consigli Constr. Co. v. Travelers Indem. Co.*, 256 F. Supp. 3d 62, 71 (D. Mass. 2017) (citing *Rass Corp. v. Travelers Cos., Inc.*, 90 Mass. App. Ct. 643, 649 (2016)).  Nevertheless, since the parties focus primarily on the terms of the Endurance Policy, the Court proceeds in kind.

Endurance was notified of a potential claim prior to the lawsuit's filing and notified again after its settlement. *Id.* ¶¶ 11–12, 19.  Each time, Endurance responded that it was not liable for claims against C-MAC with respect to the fire because the fire occurred after the Endurance Policy period. *See id.* ¶ 12.

The Endurance Policy obligates Endurance to defend and indemnify C-MAC against claims based on "property damage" to which the insurance applies. *Id.* ¶ 4.  However, the Policy applies to property damage only if it "occur[red] during the policy period." *Id.*  As relevant here, the Policy deems property damage to have occurred "at the time of the physical injury that caused it." *Id.* ¶ 5.  C-MAC was a facilities contractor for Tasty Burger from early 2016 to October 2017. Dkt. 39 at 4.  The Endurance Policy period ran from April 20, 2017, to April 20, 2018.  PSOF ¶ 1. To restate, the Tasty Burger fire occurred on May 4, 2018, so approximately two weeks after the conclusion of the Policy period. *Id.* ¶ 10.

### B. Legal Background

On February 27, 2024, Tasty Burger brought this lawsuit, in relevant part, to recover on rights assigned to it under the Endurance Policy and pursuant to its settlement agreement with C-MAC.  Dkt. 9-1.  Against Endurance, Tasty Burger alleges that Endurance breached its contract with C-MAC by failing to defend and/or indemnify C-MAC in the underlying lawsuit.  Dkt. 29 ¶¶ 1–18.  Tasty Burger also contends that such breach was a willful and knowing unfair and deceptive act in violation of Mass. Gen. Laws ch. 93A and ch. 176D.  *Id.* ¶¶ 19–25.

On July 14, 2025, Endurance moved for summary judgment on both counts.  *See* Dkt. 31; *see also* Dkt. 32 ("Memo."); Dkt. 39 ("Opp."); Dkt. 43 ("Reply").

## II. Standard of Review

Summary judgment will only be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Grogan v. All My Sons Bus. Dev. LLC*, 552 F. Supp. 3d 142, 145 (D. Mass. 2021) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"To succeed [on a motion for summary judgment], the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Grogan*, 552 F. Supp. 3d at 145 (quoting *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990)) (internal quotations omitted). "The nonmoving party cannot fend off summary judgment unless it makes a competent demonstration that every essential element of its claim or defense is at least trialworthy." *Price v. Gen. Motors Corp.*, 931 F.2d 162, 164 (1st Cir. 1991). "Where the non-moving party bears the ultimate burden of proof, the non-moving party 'must present definite, competent evidence to rebut the motion.'" *Satanic Temple, Inc. v. City of Bos.*, 684 F. Supp. 3d 21, 30 (D. Mass. 2023) (quoting *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991)), *aff'd*, 111 F.4th 156 (1st Cir. 2024).

### III. Discussion

#### A. Breach of Contract

Endurance argues that it did not have a duty to defend or indemnify C-MAC in the underlying lawsuit because the property damage at issue "occurred" on May 4, 2018, when the Tasty Burger fire happened, after the conclusion of the Endurance Policy period. Memo. at 7–11. Tasty Burger argues, to the contrary, that the negligent work performed by C-MAC, which occurred (at least in part) during the Policy period, constituted the relevant damage and was therefore covered. Opp. at 8–14.

1. **Duty to Defend**

The Court starts with the duty to defend because it is the "broader" of the two insurer duties. *Bos. Symphony Orchestra, Inc. v. Com. Union Ins. Co.*, 406 Mass. 7, 10 (1989). To determine whether the duty to defend is triggered, courts "compar[e] the allegations in the third-party complaint against the provisions of the insurance policy." *Holyoke Mut. Ins. Co. in Salem v. Vibram USA, Inc.*, 480 Mass. 480, 484 (2018) (quoting *Deutsche Bank Nat'l Ass'n v. First Am. Title Ins. Co.*, 465 Mass. 741, 744–45 (2013)). An insurer's duty to defend is triggered when the allegations in the complaint "are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms." *Id.* at 484 (quoting *Billings v. Com. Ins. Co.*, 458 Mass. 194, 200 (2010)). However, "when the allegations in the underlying complaint 'lie expressly outside the policy coverage and its purpose . . . the insurer is relieved of the duty to['] . . . defend the claimant." *Deutsche Bank*, 465 Mass. at 745 (quoting *Billings*, 458 Mass. at 201). "As with any contract, in interpreting an insurance policy, [courts] begin with the plain language of the policy." *Mount Vernon Fire Ins. Co. v. Visionaid, Inc.*, 477 Mass. 343, 348 (2017). An insurance contract "is no different from the interpretation of any other contract, and [courts] must construe the words of the policy in their usual and ordinary sense." *Bos. Gas Co. v. Century Indem. Co.*, 454 Mass. 337, 355 (2009) (quoting *Hakim v. Mass. Insurers' Insolvency Fund*, 424 Mass. 275, 280 (1997)).

Here, the allegations against C-MAC in the underlying lawsuit "lie expressly outside the policy coverage." *See Deutsche Bank*, 465 Mass. at 745. Tasty Burger complicates the issue by raising, in this lawsuit, allegations not made against C-MAC in the underlying litigation. Specifically, Tasty Burger asserts that "a pyrolyzation process and the accumulation of grease deposits within the vent ductwork literally damaged and transformed the physical properties, structure and appearance of the wood sheeting and metal ductwork into a vehicle to spread the

5

fire."[5]  Opp. at 8.  As to the "pyrolyzation" of "plywood behind the kitchen grill," *id.*, this allegation was made in the underlying litigation against *different defendants*.  See Dkt. 35-2 ¶ 14.[6]  To the extent Tasty Burger now intends to attribute any such physical damage to C-MAC, that theory is not "readily" (or at all) apparent from its underlying complaint.  *See Holyoke*, 480 Mass. at 484.

Tasty Burger did raise, in the underlying litigation, allegations with respect to C-MAC's "fail[ure] to properly remove . . . grease from . . . duct work and the pollution control unit . . . [the accumulation of which] fueled the fire."  Dkt. 35-2 ¶ 15.  However, this does not constitute "property damage" as Massachusetts courts have interpreted that term.  "While saturation, ingraining, or infiltration of a substance into the materials of a building or persistent pollution of a premises requiring active remediation efforts is sufficient to constitute 'direct physical loss of or damage to property,'" "surface-level contamination that can be removed by simple cleaning, d[oes] not physically alter or affect property."  *Verveine Corp. v. Strathmore Ins. Co.*, 489 Mass. 534, 544 (2022).  "As demonstrated by the restaurant['s] continuing ability to provide takeout and other services, there were not physical effects on the property itself.  It is only these effects that would trigger coverage."  *Id.* at 543.  The "mere 'presence'" of accumulated grease "does not amount to loss or damage to the property."  *See id.* at 544.  *Verveine* concerned the "presence" of the COVID-19 virus in a restaurant and held that such "presence," even though it "caused, in some

---

[5] Endurance raises evidentiary issues as to this allegation that the Court need not reach.  *See* Reply at 4–6.

[6] The underlying litigation's Amended Complaint alleged:

> Defendants Atlantic Management Group, Keith Cullen, Hood Solutions, MEA Engineering, Inc., and Malone Brothers, Inc. were hired by Tasty Burger Corporation to engineer, design, construct, supply and install all cooking equipment for a takeout restaurant, including a wall system, which failed to meet building code requirements, behind a salamander grill.  Over the years, pyrolysis degraded the plywood behind the wall sheet metal, causing it to catch on fire.

Dkt. 35-2 ¶ 14.

sense," the shutdown of the restaurant, did not constitute property damage in and of itself. *Id.* at 543–44. Here, too, the accumulation of grease may have "caused, in some sense," Tasty Burger's fire, but that does not mean that the accumulation of grease, which could have been "removed by simple cleaning," itself entailed property damage. *See id.*[7] Accordingly, after "comparing the allegations in the third-party complaint against the provisions of the insurance policy," the Court concludes that the allegations in the underlying complaint are not "reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms." *See Holyoke*, 480 Mass. at 484. Endurance therefore had no duty to defend C-MAC in the underlying litigation. *Id.*

### 2. **Duty to Indemnify**

"An insurer's duty to indemnify the insured is narrower than its duty to defend." *Sterngold Dental, LLC v. HDI Glob. Ins. Co.*, 929 F.3d 1, 6 (1st Cir. 2019) (quoting *Sanders v. Phx. Ins. Co.*, 843 F.3d 37, 46 (1st Cir. 2016)). "The scope of the duty to indemnify hinges on whether the judgment — or in this case, the settlement — is for a covered claim." *Id.* (citing *Massamont Ins. Agency, Inc. v. Utica Mut. Ins. Co.*, 489 F.3d 71, 73 (1st Cir. 2007)). Since the Court has found that Endurance had no duty to defend C-MAC in the underlying litigation, "[i]t follows, then," that Endurance "'does not have a duty to indemnify.'" *See id.* (quoting *Sanders*, 843 F.3d at 46).

### B. **Unfair and Deceptive Act**

Based on the above finding that Endurance's denial of coverage was not only reasonable but correct under the Policy, Tasty Burger's claim under Mass. Gen. Laws ch. 93A and ch. 176D

---

[7] Again, even to the extent it now believes that the accumulation of grease "literally damaged and transformed the physical properties, structure and appearance of the wood sheeting and metal ductwork," Tasty Burger's duty-to-defend claim is nonetheless limited to the extent of its underlying complaint. *See Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 394 (2003) ("The critical issue is whether the summary judgment record alleges 'a liability arising on the face of the complaint and policy.'" (quoting *Sterilite Corp. v. Cont'l Cas. Co.*, 17 Mass. App. Ct. 316, 324 (1983))).

7

necessarily fails as a result. *See BI 40 LLC v. Ironshore Specialty Ins. Co.*, — F.4th —, 2025 WL 2437643, at *8 (1st Cir. Aug. 25, 2025).

## IV. Conclusion

For the foregoing reasons, Endurance's motion for summary judgment is GRANTED.

**So Ordered.**

Dated: September 29, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

8